### WHITTEMORE BROS. & CO. v. REINHARDT.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

#### No. 136.

PATENTS—INFRINGEMENT—CAN OPENER.

The Cleveland patent, No. 727,905, for a can opener, being a lever device for attachment to cans or boxes having a tight fitting cover to assist in removing such cover, is a narrow one, and the claims cannot be broadened, nor any special latitude be given in applying the doctrine of equivalents. In the first and second claims a handle portion "substantially parallel with the surface of the receptacle" is made an element, and the third contains as an element "an offset in which the part of the lever between the body and the cover of the receptacle may lie," and none of the claims are infringed by a device in which neither of such elements is found.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the Circuit Court, holding United States patent, No. 727,905, for an improvement in can openers, issued May 12, 1903, to Newcomb Cleveland, valid and infringed.

James H. Griffin (J. R. Edson and H. C. Townsend, of counsel), for appellant.

F. F. Crompton and William J. Dolan, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. As only a brief memorandum was filed in the Circuit Court, which did not discuss either the patent or the defenses, it will be necessary to quote at some length from the specifications.

"This invention relates to devices for opening receptacles—such as boxes or cans containing shoe-polish, stove-polish, baking powder, and other ingredients for which it is essential to provide a tight closure. The cover part of these receptacles is usually made with a very tight fit on the body portion, and often the contents of the receptacle is of such a nature as to act somewhat as a glue between the body and lid or cover. In such cases a direct upward push on the lid or its rim has generally been found quite inadequate to open

the receptacle. By my invention I provide a positively-operating lever-opener adapted to so co-operate with the box that the latter will act as the fulcrum-bearing and at the same time hold the lever in operative position until the box is opened—that is, the mere closure of the box secures the lever thereto. In carrying out my invention I make the fulcrum and resistance points of my lever-opener bear one upon the body portion and one upon the cover of the receptacle, and preferably the lever is partly enclosed in the receptacle and partly projects therefrom, the outside part or handle being in a position for ready manipulation when it is desired to open the receptacle."

Referring to the drawings which show various forms, the patentee states that he does not limit himself to any specified form or device "beyond what is called for in the claims hereto appended." Figs. 2 and 4 sufficiently disclose the device of the patent: Fig 2 showing

the lever-opener and Fig. 4 the receptacle, with cover on and lever-opener inserted, at the moment when, by moving the handle, C', upward or downward, the opener is revolved on its fulcrum, thus lifting up the cover. After an extended description of the various figures, the specification concludes:

"From the foregoing it will be seen that my improved lever-opener is of very simple construction, as it may be made of one piece and without rivets or other special fulcrum-bearings. The lever is firmly secured to the box by having a portion adapted to be clamped between the body and cover, and I do not limit myself to any special manner of doing this nor to any particular relative position of the parts other than that the fulcrum and resistance points of the lever bearing against two parts of a receptacle and the lever is held in operative position by the simple closing of these two parts."

The claims are:

"1. The combination with a receptacle and a cover fitting thereon, of a lever-opener comprising a portion lying within the receptacle, a portion lying between the receptacle and its cover, and a handle portion extending beyond the other portions substantially parallel with the surface of the receptacle.

"2. The combination with a receptacle and a cover fitting thereon, of a lever-opener comprising a portion lying between the receptacle and its cover, a portion turned over the rim of the receptacle, another portion turned out under the rim of the cover, and a handle portion extending beyond the other portions substantially parallel with the surface of the receptacle in position for operation to open the receptacle.

"3. The combination of a receptacle comprising a body and a cover with a lever-opener partly inclosed and held between said body and cover when the receptacle is closed, said receptacle being provided with an offset in which the part of the lever between the body and cover of the receptacle may lie, to permit of a tight closure of the receptacle."

It will be noted that the first and second claims both contain as an element a handle portion extending beyond the other portions "substantially parallel with the surface of the receptacle." This quali-

fying phrase was inserted after two rejections by the Patent Office of the claims in which it appears. Its meaning is apparent upon inspection of the drawings. The handle, C' (before it is raised or lowered), lies flat against the curved side of the receptacle, curved as the receptacle is so that it does not project, but the entire package is left compact and convenient for packing or handling. In one variety of the forms used by the patentee, when manufacturing under his patent, the handle, C', instead of curving to the side, ran straight down across the curved surface of the receptacle to the bottom thereof; but it lay flat against the side of the receptacle and might fairly be said to be substantially parallel to the surface. Since the patentee has deliberately chosen to make this parallelism a feature of these two claims, it is not for the court to strike it out. The patent is a narrow one at best, and, while we do not express any opinion as to its validity, we are satisfied that the claims should not be broadened nor any especial latitude be given in applying the doctrine of equivalents.

The device of the defendant is substantially like the patentee's so far as the parts within the cover are concerned, and its lever action is the same, but the handle portion, C', is not substantially parallel with the surface of the receptacle. As will be seen in the figure below it

is tangential to such surface, so that instead of lying flat, housed up against the box or the cover it projects boldly therefrom. Defendant argues that by thus positioning it an improvement is effected; that instead of scratching one's fingers and, perhaps, breaking one's nails in an effort to move the lever handle, it is always presented in a shape easy to grasp and that it may be turned (thus raising the cover) much more readily and efficiently. Whether this be an improvement or not need not be determined. Certainly the handle portion of defendant's lever-opener is not substantially parallel with the surface of the receptacle and, therefore, is not within the first two claims of the patent.

The third claim contains as an element of the combination "an offset in which the part of the lever between the body and the cover of the receptacle may lie, to permit of tight closure of the receptacle." The specification states:

"Preferably I form an offset in the receptacle as shown, for instance, at b' in the cover b, in which the portion C2 lies."

The draftsman has neglected to affix the letter, b,' to any of the figures, but shading in one of the drawings (Fig. 1) and lines in a cross-section drawing (Fig. 3) indicate its presence. As thus depicted the offset is in the cover, which bulges out sufficiently to make a chamber or recess in which C2 may rest; but an inset in the receptacle (as distinguished from the cover) would accomplish the same purpose and be a fair equivalent. In one or more of the exhibits such an off-

set is found in devices made under the patent. It is not disputed that as made the covered receptacles of defendant do not have this offset or inset. Complainant, however, contends that since both box and cover are made of thin tin the continual putting on and taking off of the cover—especially if this is done with box and cover in the same relative position—will soon produce an offset in which C2 may lie. We are of the opinion that a distortion of box or cover thus produced is not the "offset" of the claim, which is an essential part of the device as put on the market; something which is done intentionally by the maker and not accidentally by the user, for the specification says, "I form an offset," etc., which means that the offset is formed by the patentee himself.

We do not find that the device of the defendant infringes any one of the three claims, and the decree is therefore reversed, with costs, and cause remitted to Circuit Court with instructions to dismiss the bill with costs.